IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH BROOKS,

     Plaintiff,                         No. 2:09-cv-1815 MCE JFM PS

    vs.

VALLEJO CITY UNIFIED
SCHOOL DISTRICT, et al.,         <u>ORDER AND</u>

     Defendants.           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

         Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee. While framed as an action based on violations of free speech and due process, this action is primarily based on the California Public Records Act, Cal. Govt. Code § 6250, et seq. ("CPRA") Plaintiff alleges he is entitled to certain public records, and that the district has an affirmative duty to announce information about settlement agreements it enters into. Plaintiff also attempts to challenge two specific settlement agreements entered into by defendants, and claims various actions by defendants in connection with his efforts to obtain these documents caused him extreme emotional distress.

         The following motions were submitted on the papers without oral argument: (1) motion to dismiss filed by defendant Hodge; (2) motion to strike, motion to dismiss and motion

1  for a more definite statement filed by the remaining defendants; (3) motion for sanctions
2  pursuant to 28 U.S.C. § 1927 and court's inherent power; and (4) motion for sanctions pursuant
3  to Fed. R. Civ. P. 11.  Upon review of the motion and the documents in support and opposition,
4  and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

5        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
6  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
7  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
8  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901
9  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
10 relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct.
11 1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to
12 grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

13       In determining whether a complaint states a claim on which relief may be granted,
14 the court accepts as true the allegations in the complaint and construes the allegations in the light
15 most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
16 United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less
17 stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,
18 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the
19 form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  In
20 addition, the court may disregard allegations in the complaint if they are contradicted by facts
21 established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265,
22 1267 (9th Cir. 1987).

23       The court is permitted to consider material properly submitted as part of the
24 complaint, documents not physically attached to the complaint if their authenticity is not
25 contested and the complaint necessarily relies on them, and matters of public record.  Lee v. City
26 of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Matters of public record include

pleadings and other papers filed with a court.  Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

    Generally, in the context of a motion to dismiss, review is limited to the contents in the complaint.  Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385 (9th Cir.1995).  When matters outside the pleading are presented to and accepted by the court, the motion to dismiss is converted into one for summary judgment.  However, matters properly presented to the court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1989).  Where a plaintiff fails to attach to the complaint documents referred to therein, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support the plaintiff's claim.  See Pacific Gateway Exchange, 169 F.Supp.2d at 1164; Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds).  Thus, the district court may consider the full texts of documents that the complaint only quotes in part.  See In re Stac Electronics Sec. Lit., 89 F.3d 1399, 1405 n.4 (1996), cert denied, 520 U.S. 1103, 117 S.Ct. 1105 (1997).  This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."  Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir.1998).  Thus, a court may consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment.  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Records from the state court are subject to judicial notice.  Miles v. State of California, 320 F.3d 986, 987 n.1 (9th Cir. 2003); Fed. R. Evid. 201(d).

/////

On July 1, 2009, plaintiff filed a complaint.  On July 22, 2009, all defendants except defendant Hodge filed a motion to strike the complaint pursuant to California Code of Civil Procedure § 425.16 ("Strategic Lawsuit Against Public Participation," hereinafter "anti-SLAPP.")  Defendants also filed a motion to dismiss or, in the alternative, a motion for more definite statement.  Defendant Hodge filed a motion to dismiss on July 22, 2009.  On August 6, 2009, plaintiff filed an amended complaint in which he omitted the following key facts contained in the original complaint:

    1.  The Northcutt settlement agreement containing a confidentiality provision restricting Ms. Northcutt from disclosing the terms of the settlement.  (Ex. A, ¶ 3, Count I.)

    2.  Plaintiff published an article in the Vallejo Times Herald and on his website about the Northcutt agreement terms.  (Ex. A, ¶ 7, Count I.)

    3.  The District sued Ms. Northcutt for violation of the settlement agreement.  During the course of that litigation, plaintiff was subpoenaed by the Law Offices of Kenneth R. Mackie to testify at an arbitration hearing on February 25, 2009.  (Ex. A, ¶ 9, Count I.)

    4.  During that hearing, plaintiff alleges the District stated its belief that Ms. Northcutt improperly disclosed the terms of the settlement agreement to plaintiff.  (Ex. A, ¶¶ 10-13, Count I.)

    5.  The Rollins settlement agreement also allegedly contained a confidentiality provision restricting Ms. Rollins from disclosing the terms of the agreement.  (Ex. A, ¶¶ 1-2, Count III.)

    6.  The District provided plaintiff with a full and complete copy of the Rollins settlement agreement.  (Ex. A, ¶ 11, Count IV.)

    7.  Plaintiff admits that he filed a petition for writ of mandamus in Solano Superior Court on March 24, 2009, in connection with the public records request in Count VI of the amended complaint.  Plaintiff admits that the District responded to the public records request

/////

twice on April 3 and 15 of 2009, but claims the response was insufficient under the California Public Records Act ("CPRA").  (Ex. A, ¶¶ 1-3, Count IX.)

8. Plaintiff admits he filed a petition for writ of mandamus in Solano Superior Court on March 24, 2009 in connection with the public records request in Count VII of the amended complaint.  Plaintiff admits that the District responded to the public records request twice on April 3 and 15 of 2009, but claims the response was insufficient under the CPRA.  (Ex. A, ¶¶ 1-3, Count X.)

9. It appears plaintiff alleges that Dr. Richard Damelio drafted a "fraudulent third response" to plaintiff's public records request on May 5, 2009, and somehow misrepresented comments made by plaintiff to the District Attorney who is defending the writs filed by plaintiff in Solano Superior Court.  (Ex. A, ¶¶ 7-10, Count X.)

Defendants then renewed their motions based on the newly-amended complaint.[1]

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Here, plaintiff has failed to state a civil rights claim because there is no constitutional right to access government records.  "Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."  Houchins v. KQED, 438 U.S. 1 (1978).

/////

/////

---

[1] As noted by defendants, plaintiff's objection that defendants are not allowed to file a second motion to dismiss is not well-taken.  The filing of the amended complaint mooted the pending motions, thus requiring defendants to renew their motions based on the amended complaint.

5

Plaintiff's exclusive remedy under the CPRA is to file a writ of mandamus in state court, which he has already done.[2] Cal. Govt. Code § 6258.[3] The CPRA expressly prohibits recovery of damages from public employees. Cal. Govt. Code § 6259(d).[4] In addition, plaintiff has already received copies of the settlement agreements at issue herein, rendering his claims moot. If plaintiff believes he has not received all of the public documents he requested, he must pursue those claims in the state court mandamus actions. Federal district courts do not have jurisdiction to review errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court).

Plaintiff also attempts to challenge the provisions of the two settlement agreements between defendants and Ms. Northcutt and Ms. Rollins. However, plaintiff was not a party or a third party beneficiary of these settlement agreements. Accordingly, plaintiff has no standing to challenge any provision of the agreements. See Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 14 (2004); see also e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 574-76, 112 S.Ct. 2130, 2143-44 (1992)(standing requires plaintiff to show an injury or impairment to plaintiff's legal rights). These claims should also be dismissed.

---

[2] Defendants' request to take judicial notice of plaintiff's petitions for writ of mandamus in the Solano County Superior Court are granted. Plaintiff filed two petitions for writ of mandamus in the Solano County Superior Court on March 24, 2009: Case Nos. FCS033172 and FCS033174. (August 24, 2009 Request, Exs. A & B.)

[3] California Government Code § 6258 provides: "Any person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records under this chapter. The times for responsive pleadings and for hearings in these proceedings shall be set by the judge of the court with the object of securing a decision as to these matters at the earliest possible time." Id.

[4] Section 6259(d) provides: "The court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section. The costs and fees shall be paid by the public agency of which the public official is a member or employee and shall not become a personal liability of the public official. If the court finds that the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to the public agency." Cal. Govt. Code § 6259(d).

To the extent plaintiff attempts to challenge statements, writings and conduct which occurred during litigation, plaintiff's claims also fail.

California Civil Code § 47(b) provides, in relevant part:

> A privileged publication or broadcast is one made:
>
> . . .
>
> (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure . . . .

Id. Plaintiff's claims concerning statements made at the arbitration hearing, a subpoena to plaintiff to attend a hearing, actions during the prosecution of a lawsuit, and communications during discussions between plaintiff and the District's attorney in the course of defending the two state court petitions for writ of mandamus, all fall within the absolute litigation privilege of § 47(b) and should be dismissed.

Plaintiff's claims based on discussions that took place during settlement negotiations also fail. Fed. R. Evid. 408; Cal. Evid. Code § 1152.

Plaintiff's allegations concerning the legality of the confidentiality provisions of the settlement agreements fail as a matter of law. A public entity is allowed to enter into settlement agreements containing a confidentiality clause so long as it "expressly carve[s] out any disclosure that is required by law." Sanchez v. County of San Bernardino, 2009 WL 2414926 (Cal.App. 4th).

Here, the Rollins agreement contained the express provision required:

> both parties and participants in this Agreement agrees that this Agreement and its terms shall not be disclosed to any person or entity except to those expressly required and compelled to do so by law.

(Defts.' Ex. I.) The Northcutt agreement only binds Ms. Northcutt and her counsel from disclosing the terms of the settlement agreement. (Defts.' Ex. H.) Moreover, the legality of Ms.

7

Northcutt's confidentiality clause was previously litigated. (August 24, 2009 Sherman Decl., Ex. L.) In the June 2, 2009 arbitration award, the arbitrator found that the confidentiality provision was neither procedurally nor substantively unconscionable. (Id., at 9-14.) Ms. Northcutt was found to have violated that provision, including disclosing terms of the settlement agreement to plaintiff. (Id. at 15.) Ms. Northcutt is prohibited from re-litigating those claims under the doctrine of res judicata. Plaintiff does not have standing to raise this claim on behalf of Ms. Northcutt.

Despite plaintiff's arguments to the contrary, defendants are under no obligation to publicly announce settlements of litigation. Ms. Northcutt and Ms. Rollins, as individuals, were entitled to bargain away their free speech rights by agreeing to confidentiality provisions or other contractual provisions that restrict free speech. See ITT Telecom Products Corp. v. Dooley, 214 Cal.App.3d 307, 319-20 (1989)(confidentiality agreements may lawfully waive First Amendment rights); Leonard v. J.E. Clark, 12 F.3d 885, 892 (9th Cir. 1994)(provision of collective bargaining agreement that imposed limitations on the union's political speech upheld). These agreements restricted the speech of Ms. Northcutt and Ms. Rollins, not plaintiff.

As noted above, CPRA provides the method by which the public may obtain copies of such settlements, and the record reflects plaintiff received copies of these agreements. Indeed, plaintiff wrote an article concerning at least one such agreement.

Plaintiff has failed to state a cognizable civil rights claim. As noted above, the United States Supreme Court has held that there is no constitutional right to access government records. Houchins, 438 U.S. at 1. Because the gravamen of plaintiff's complaint stems from his allegations concerning defendants' actions concerning the public records request under CPRA, he cannot amend his complaint to demonstrate subject matter jurisdiction in federal court. Thus, the amended complaint should be dismissed without leave to amend.

/////

/////

Accordingly, for all of the above reasons, the motions to dismiss should be granted with prejudice. Defendant's motion to strike, motion for more definite statement, motion for sanctions, and motion for attorney's fees will be denied.

On September 23, 2009, plaintiff filed a motion for entry of clerk's default based on defendants' failure to answer. However, all defendants timely filed a motion to dismiss, which is a responsive pleading. Accordingly, plaintiff's motion will be denied.

IT IS HEREBY ORDERED that:

1. Plaintiff's September 23, 2009 motion for entry of clerk's default (#30) is denied; and

2. Defendants' August 24, 2009 request for judicial notice (#28) is granted;

IT IS HEREBY RECOMMENDED that:

1. Defendant Hodge's August 21, 2009 motion to dismiss (#18) be granted;

2. Defendants' August 24, 2009 motion to strike or motion for more definite statement (#19) be denied;

3. Defendants' August 24, 2009 motion to dismiss (#19) be granted;

4. Defendants' August 24, 2009 motion for sanctions pursuant to 28 U.S.C. § 1927 (#25) be denied;

5. Defendants' September 14, 2009 motion for Rule 11 sanctions (#29) be denied; and

6. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: October 29, 2009.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

/001; brooks.mtd